IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABDUL WAHID JAFFARI, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-CV-1698-L-BW |
| | § | |
| MERRICK B. GARLAND, ATTORNEY | § | |
| GENERAL, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Abdul Wahid Jaffari, proceeding pro se, filed a petition for writ of mandamus on July 31, 2023. (Dkt. No. 3.) Because he has not demonstrated that he has validly served summons and a copy of the complaint on any of the defendants and has failed to comply with Court orders to do so, the undersigned concludes that the action should be **DISMISSED** without prejudice.

## I. BACKGROUND

Jaffari filed a petition for writ of mandamus on July 31, 2023, seeking a declaratory judgment or order compelling government officials to take action on an application for asylum or refugee status that he filed five years earlier. (*See* Dkt. No. 3.) Jaffari paid the filing fee and requested that the clerk provide summons for the each defendant, which the clerk issued on August 1, 2023. (*See* Dkt. Nos. 1, 4, 5.)

---

[1] Referred to the undersigned magistrate judge by Special Orders 3-251 and 3-354.

On August 3, 2023, United States Magistrate Judge Irma Carrillo Ramirez explained to Jaffari in a written order that it was his responsibility to "serv[e] each defendant with summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure." (Dkt. No. 6.) She further advised Jaffari that he must file proof of service and warned that failure to serve the defendant within 90 days and file proof of service might result in the dismissal of the action. (*Id.*)

On October 19, 2023, Jaffari filed what he considered proof of service on each of the defendants. (Dkt. No. 7.) Included in the filing were a cover letter signed by Jaffari and copies of summons, receipts for certified mail addressed to the United States Attorney and other officials, and computer printouts from the U.S. Postal Service's website showing proof of deliveries. (*Id.*) Soon thereafter, the Court explained in an order to show cause that Jaffari's attempt at service was invalid because it did not establish that service was effected by a non-party as required by Fed. R. Civ. P. 4(c)(2), nor did he properly serve government officials in the manner required by Fed. R. Civ. P. 4(i). (Dkt. No. 8 at 1-2.) Jaffari was then ordered to file a valid proof of service by November 13, 2023—approximately two weeks later—or show cause as to why service could not be made on the defendants. (*Id.* at 2.) Judge Ramirez warned that failure to comply with the order could result in dismissal of the case. (*Id.*)

Jaffari filed a tardy response to the order to show cause. (Dkt. No. 9.) In it, he indicated that he had properly served the defendants by certified mail as required by Fed. R. Civ. P. 4(i) and asked that the case not be dismissed. (*Id.*) The Court entered a second show cause order recounting the procedural history and emphasizing from the prior order that defendant must demonstrate that service was made by a non-party. (Dkt. No. 10 at 1-2.) Judge Ramirez then establish another deadline—December 1, 2023—by which Jaffari must either file proof of valid service on the defendants or show cause as to why he could not serve the defendants. (*Id.* at 2.) The order again warned Jaffari that failure to comply could result in dismissal of the case. (*Id.*) Three days after the deadlines established by the second show cause order Jaffari filed a response again suggesting that he properly served the defendants and asking that the case not be dismissed. (Dkt. No. 11.) Jaffari did not suggest that service had been accomplished by a non-party. (*See id.*)

On November 12, 2024, the undersigned magistrate judge entered another show cause order recounting Jaffari's non-responsiveness to the prior orders and instructing Jaffari to serve the defendants through a non-party to the action. (Dkt. No. 14 at 1.) Jaffari was put on notice that he must file, no later than November 25, 2024, a return of service demonstrating valid service on the defendants or explain why service could not be accomplished. (*Id.* at 2.) The third show cause order further warned Jaffari that failure to comply could result in a recommendation that

the case be dismissed. (*Id.*) Jaffari has not responded to the Third Show Cause Order.

## II. LEGAL STANDARDS

Rule 4(m). Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Rule 41(b).  Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).  A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

### III. ANALYSIS

This action should be dismissed pursuant to Fed. Rs. Civ. P. 4(m) and 41(b). The record demonstrates that, by attempting to personally serve the defendants, Jaffari has not complied with Rule 4(c)(2)'s command restricting those who can accomplish valid service to non-parties.  The Court has brought that defect to

Jaffari's attention at least three times and has given him an opportunity each time to cure it. Rather than do so, however, he has insisted that he properly served the defendants. Jaffari has had a total of 482 days—well more than a year—to properly effect service with the benefit of the Court's clear direction with respect to the defect that could be readily cured. Pursuant to Rule 4(m), this case should be dismissed for failure to timely serve the defendants.

Dismissal is also warranted under Fed. R. Civ. P. 41(b). By failing to comply with the Court's orders regarding service of process, including his failure to timely respond to show cause orders, Jaffari has failed to prosecute his lawsuit and has not complied with orders. The undersigned concludes that, in light of the repeated opportunities given to him to comply and the routine warnings concerning dismissal, lesser sanctions would be futile. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and sua sponte dismiss this action without prejudice. *See Gaivehchi v. Bierman*, No. 3:19-CV-980-L-BN, 2019 WL 6120137, at *2-3 (N.D. Tex. Oct. 1, 2019), *rec. adopted*, 2019 WL 6118563 (N.D. Tex. Nov. 15, 2019).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED** without prejudice for failure to timely serve the defendants with summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m) and also

pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders and to

timely prosecute the case.

**SO RECOMMENDED** on November 27, 2024.


_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).